UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTOPHER GRASSI,

          Petitioner,

v.                  9:00-CV-0329
                     (DNH/GHL)
JOSEPH E. MCCOY, Superintendent,

          Respondent.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF D.J. AND J.A. CIRANDO<br>Counsel for Petitioner<br>Onondaga Savings Bank Building<br>101 South Salina Street<br>Suite 1010<br>Syracuse, New York 13202 | JOHN A. CIRANDO, ESQ. |
| HON. ELIOT SPITZER<br>Attorney General of the State of New York<br>Counsel for Respondent<br>44 Hawley Street<br>17th Floor, State Office Building<br>Binghamton, New York 13901-4433 | CAROL A. COCCHIOLA, ESQ.<br>Assistant Attorney General |

GEORGE H. LOWE, United States Magistrate Judge

### REPORT AND RECOMMENDATION[1]

**I. BACKGROUND**

  **A. State Court Proceedings**

On May 18, 1995, Petitioner Christopher Grassi and three co-defendants were indicted by

a Broome County Grand Jury for the crime of arson in the second degree. Dkt. No. 10, Ex. 1.

---

[1] This matter has been referred to the undersigned for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

The charge arose from a fire in the early morning hours of October 16, 1994, that damaged a nightclub co-owned by Petitioner and located in the Village of Endicott. Dkt. No. 10, Ex. 8.

After a lengthy trial, involving the testimony of fifty-seven witnesses and 152 exhibits, the jury convicted Petitioner but acquitted the three co-defendants. *Id.* It apparently was undisputed that Petitioner had flown to Florida on October 15, 1994, and did not return to Broome County until after being notified that the fire had occurred on the 16th. Dkt. No. 11 at 6. The Indictment had been based upon a theory of accessorial liability, in violation of Penal Law § 20, which is entitled "Criminal liability for conduct of another," and provides: "When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct." N.Y. Penal Law § 20.00 (McKinney 2004).

Following the jury's verdict, the presiding County Court Judge granted Petitioner's motion to set aside the verdict. Dkt. No. 10, Ex. 4, Vol. XVII at 3886-3887. The People appealed, and the Appellate Division, Third Department, with two Justices dissenting, reversed and reinstated the verdict, concluding that the evidence was sufficient to support it. *People v. Grassi*, 250 A.D.2d 944, 673 N.Y.S.2d 753 (3d Dep't 1998). The New York Court of Appeals unanimously affirmed, finding that "[t]he totality of the evidence, with permissible inferences, would allow a rational trier of fact to conclude that the defendant was an accessory to the arson." *People v. Grassi*, 92 N.Y.2d 695, 697, 685 N.Y.S.2d 903, 904 (1999).

Following this appellate process, on April 28, 1999, Petitioner was sentenced in Broome County Court. Dkt. No. 10, Ex. 23. Significantly, in terms of the *habeas* petition pending before

this Court, Petitioner did not appeal this judgment of conviction, nor did he file any post-judgment motions under CPL Article 440, nor did he apply for a writ of error *coram nobis*. However, on December 17, 1999, almost eight months following his conviction, Petitioner filed a *pro se* motion for reargument with the New York Court of Appeals. Dkt. No. 10, Ex. 24. Again significantly, in this submission Petitioner raised for the first time the claims that are asserted in his *habeas* petition, *i.e.*, violations of his Sixth and Fourteenth Amendment rights. The Court of Appeals denied the application. *People v. Grassi*, 94 N.Y.2d 900, 707 N.Y.S.2d 145 (2000).

### B. This Proceeding

On February 23, 2000, Petitioner, appearing *pro se*, filed the instant *habeas* petition, based upon, as noted above, alleged violations of his Sixth and Fourteenth Amendment rights. Dkt. No. 1. Respondent filed his answer (Dkt. No. 10), and thereafter Petitioner sent to the Court a traverse (Dkt. No. 12) in reply to Respondent's answer. By Order dated August 30, 2000, then-Magistrate Judge Gary L. Sharpe struck the traverse from the docket, finding that "special circumstances" entitling the filing of a traverse had not been demonstrated. Dkt. No. 14. However, by Order dated March 27, 2001, Magistrate Judge Sharpe granted Petitioner's motion for reargument and authorized the filing of a traverse, primarily upon the ground that at that stage Petitioner was represented by counsel. Dkt. No. 21. Petitioner's counsel filed the traverse on April 24, 2001. Dkt. No. 22.

## II. DISCUSSION

### A. Exhaustion Requirement

Prior to seeking federal *habeas* relief, a petitioner must exhaust available state remedies,

3

or demonstrate that there is either an absence of available state remedies or that such remedies cannot adequately protect the petitioner's rights. *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)); *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994), *cert. denied*, 515 U.S. 1118 (1995). This exhaustion requirement is satisfied if the claim has been "fairly presented" to the state courts. *See Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A claim has been "fairly presented" if the state courts are apprised of "both the factual and legal premises of the claim [the petitioner] asserts in federal court." *Daye v. Attorney General of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*); *Morales v. Miller*, 41 F. Supp. 2d 364, 374 (E.D.N.Y. 1999). Thus, "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." *Daye*, 696 F.2d at 192; *Morales*, 41 F. Supp. 2d at 374. Finally, *habeas corpus* petitioners bear the burden of demonstrating that they have exhausted available state remedies. *Cruz v. Artuz*, Civ. No. 97-2508, 2002 WL 1359386, at *8 (E.D.N.Y. June 24, 2002) (citing *Colon v. Johnson*, 19 F. Supp. 2d 112, 119-20 (S.D.N.Y. 1998); *United States ex rel. Cuomo v. Fay*, 257 F.2d 438, 442 (2d Cir. 1958)); *see also Ruine v. Walsh*, Civ. No. 00-3798, 2002 WL 1349713, at *2 (S.D.N.Y. June 19, 2002) (citing *Colon*, 19 F. Supp. 2d at 119-20).

Here, following his sentencing and conviction, Petitioner neither filed a direct appeal, nor did he file any post-judgment motions under CPL Article 440, nor did he seek *coram nobis* relief. Nevertheless, Petitioner argues in his traverse:

> The instant case has been exhausted in the State courts, as the Court of Appeals has rendered a final decision with regard to the issue of the sufficiency of the evidence regarding petitioner's conviction. Since the Court of Appeals is higher in jurisdictional and subject matter than the Appellate Division, any return to the

4

lower court or the Court of Appeals would have been futile.

Dkt. No. 22 at 5.

Petitioner misses the point. The issue before this Court, on Petitioner's *habeas* petition, is not sufficiency of the evidence. That issue clearly has been exhausted. Instead the relevant issues now are Petitioner's Sixth and Fourteenth Amendment claims. These issues were raised for the first time in a *pro se* motion filed with the New York Court of Appeals seeking reargument of that Court's affirmance of the Appellate Division's reinstatement of the guilty verdict. Dkt. No. 10, Ex. 24. Presenting an issue for the first time to the Court of Appeals, New York State's highest court (particularly in a tardy motion for reargument), is not sufficient to meet the exhaustion requirement under 28 U.S.C. § 2254. *See St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004) ("However, raising a federal claim for the first time in an application for discretionary review to a state's highest court is insufficient for exhaustion purposes."). *See also Castille v. Peoples*, 489 U.S. 346, 350-51 (1989) (where the Supreme Court rejected the Third Circuit's conclusion that the submission of a new claim to a state's highest court on discretionary review constituted fair presentation). Accordingly, Petitioner has not exhausted his state court remedies with respect to the claims set forth in his *habeas* petition.

    **B.**    **Unexhausted Claims Which May Be Deemed Exhausted**

When a claim has never been presented to the state courts, a federal court may find that there is an absence of available state remedies "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio*, 269 F.3d at 90 (citing *Reyes v. Keane*, 118 F.2d 136, 139 (2d Cir. 1997)); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000), *cert. denied*, 532 U.S. 943 (2001). Therefore, this

Court must determine whether it would be futile for Petitioner now to present his Sixth and Fourteenth Amendment claims to the state courts.

A direct appeal to the Third Department must be noticed within thirty days of conviction. N.Y. C.P.L. § 460.30(1) (McKinney 2005).  Failure to do so and failure to move for an extension before the Appellate Division within one year after the time for taking the appeal has expired causes the state courts to lose jurisdiction.  *People v. Thomas*, 47 N.Y.2d 37, 416 N.Y.S.2d 573 (1979).  Moreover, since "New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal," *Aparicio*, 269 F.3d at 91 (citing N.Y. C.P.L. § 440.10(2)(c)), Petitioner could not now properly raise these claims in a motion to vacate his judgment of conviction pursuant to CPL § 440.10.  *See Aparicio*, 269 F.3d at 91; *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994), *cert. denied*, 514 U.S. 1054 (1995).  Therefore, these claims are "deemed exhausted" for purposes of Petitioner's *habeas* application.  *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 170 (2d Cir. 2000); *Senor v. Greiner*, Civ. No. 00-5673, 2002 WL 31102612, at *10 (E.D.N.Y. Sept. 18, 2002).  However, although these claims are "deemed exhausted," they also are procedurally barred.  *See Aparicio*, 269 F.3d at 90 (citing *Coleman v. Thompson*, 501 U.S. 711 at 735 n.1).

Federal courts may only consider the substance of procedurally barred claims where the petitioner can establish both cause for the procedural bar and prejudice, or alternatively, that a fundamental miscarriage of justice would occur absent federal court review.  *See St. Helen v. Senkowski*, 374 F.3d at 184 ("[i]n the case of procedural default (including where an unexhausted claim no longer can proceed in state court), [federal courts] may reach the merits of the claim 'only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is

actually innocent'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (citations omitted); *see generally Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

To establish "cause," a petitioner must show that some objective external factor impeded his ability to either comply with the relevant procedural rule or fully exhaust his federal claims. *See Coleman*, 501 U.S. at 753; *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999); *Doleo v. Reynolds*, Civ. No. 00-7927, 2002 WL 922260, at *3 (S.D.N.Y. May 7, 2002). Examples of external factors include interference by officials, ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal. *Murray*, 477 U.S. at 488 (citing *Reed v. Ross*, 468 U.S. 1, 16 (1984) and quoting *Brown v. Allen,* 344 U.S. 443, 486 (1953)). *See also Bossett*, 41 F.3d at 829 (citing *Murray*, 477 U.S. at 488); *United States v Helmsley*, 985 F.2d 1202, 1206 (2d Cir. 1992); *Lovacco v. Stinson*, Civ. No. 97-5307, 2004 WL 1373167, at *3 (E.D.N.Y. June 11, 2004) (citing *Murray*, 477 U.S. at 488).

Here Petitioner has not even asserted, in either his petition or traverse, a claim of cause for his failure to exhaust his Sixth and Fourteenth Amendment claims. As a result, this Court need not decide whether Petitioner suffered prejudice because, absent proof that the failure to consider the merits of the claims would result in a fundamental miscarriage of justice, federal *habeas* relief is unavailable as to procedurally barred claims unless **both** cause and prejudice are established. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *McLeod v. Moscicki*, Civ. No. 02-9335, 2003 WL 22427757, at *8 (S.D.N.Y. Oct. 22, 2003) (citing *Murray*, 477 U.S. at 494); *You v. Bennett*, Civ. No. 00-7514, 2003 WL 21847008, at *7 (E.D.N.Y. July 29, 2003) (citing *Coleman*, 501 U.S. at 750); *Ayuso v. Artuz*, 2001 WL 246437, at *9 (S.D.N.Y. Mar. 7, 2001); *Pou v. Keane*, 977 F. Supp. 577, 581 (N.D.N.Y. 1997) (Kahn, J.).

Finally, this Court finds no basis to conclude that the denial of Petitioner's procedurally barred Sixth and Fourteenth Amendment claims would result in a fundamental miscarriage of justice, which exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks and citations omitted).  Furthermore, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.*

The Court of Appeals' discussion of the evidence adduced at the trial, especially the "smoking gun," (*People v. Grassi*, 92 N.Y.S.2d 695, 695-99 (1999)), makes clear that it cannot be said that it is probable "that no reasonable juror would have convicted him."  Significantly, in this proceeding Petitioner has not claimed actual innocence.  *Bousley*, 523 U.S. at 623.

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the Petition for a writ of *habeas corpus* (Dkt. No. 1) be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.* 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 13, 2005
       Syracuse, New York

George H. Lowe
United States Magistrate Judge